IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RAMON LeCONTE OLDS, | : |
| Petitioner, | : |
| VS. | :    1 : 11-CV-116 (WLS) |
| JIMMY COLSON, Warden, | : |
| Respondent. | : |

### RECOMMENDATION

Presently pending in this ' 2254 action is the Respondent=s Motion to Dismiss the Petition as untimely. (Doc. 8). The Respondent contends that the Petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act (AAEDPA@). The Petition was filed on August 29, 2011. (Doc. 1).

The Petitioner was convicted of burglary, possession of a firearm during the commission of a felony, possession of marijuana with the intent to distribute, and armed robbery in the Superior Court of Dougherty County on February 10, 2005. Petitioner was sentenced to ten (10) years in prison and fifteen (15) years probation. Petitioner's convictions were affirmed on direct appeal on October 8, 2008. *Olds v. State*, 293 Ga. App. 884, 668 S.E.2d 485 (2008). Petitioner filed a state habeas corpus petition in the Superior Court of Sumter County on January 7, 2010. The state habeas court denied relief on February 24, 2011.

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28

U.S.C. § 2241 *et seq*, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events. Section 2244(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." The Act further provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2). When this one-year statute of limitations is applied to the facts herein it is clear that the Petitioner failed to file this federal habeas petition in a timely manner.

Pursuant to Rule 38 of the Rules of the Georgia Supreme Court and Rule 37 of the Rules of the Georgia Court of Appeals, Petitioner had ten (10) days from the October 8, 2008 appellate decision affirming his convictions and sentences to either move for reconsideration in the Georgia Court of Appeals or file a notice of intent to apply for certiorari to the Georgia Supreme Court. As Petitioner pursued neither option following the affirmance of his convictions and sentences, his conviction became final on October 18, 2008, the date on which the ten-day period for filing a notice of intent to seek further appellate review expired. *Pugh v. Smith*, 465 F.3d 1295 (11th Cir. 2006).

The Petitioner then waited until January 7, 2010 to file his state habeas petition. By the time Petitioner filed his state habeas petition, the one-year period for filing his federal habeas petition, or tolling said period with a properly filed state filing, had expired, as of October 18, 2009. The Petitioner's filing of this federal habeas petition was therefore clearly untimely, and the tolling provision of § 2244(d)(2) does not afford the Petitioner any protection.

Additionally, the Petitioner has not established the basis for equitable tolling of the time

limitation.  "Equitable tolling is appropriate when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. U.S.*, 177 F.3d 1269, 1271 (11th Cir. 1999).   Petitioner has not identified any specific, extraordinary circumstance hindering his timely filing, nor has he established his diligence in pursuing relief.   Finally, the petitioner has not set forth any probative evidence of actual innocence.   A claim of actual innocence must be supported "with new reliable evidence . . . that was not presented at trial . . . [that shows] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial."  *Schlup v. Delo*, 513 U.S. 298, 317 (1995).  "[F]actual inaccuracy is not *sufficient* unless the inaccuracy demonstrates, at least colorably, that the petitioner is actually innocent, or ineligible for, either an adjudication of guilt or the sentence imposed."  *Johnson v. Singletary*, 938 F.2d 1166, 1182 (11th Cir. 1991).

Inasmuch as this federal habeas petition was untimely filed, it is the recommendation of the undersigned that the Respondent's Motion to Dismiss be **GRANTED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 16th day of May, 2012.

s/   *THOMAS Q. LANGSTAFF*
**UNITED STATES MAGISTRATE JUDGE**

asb